Filed 6/5/26  In re J.N. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re J.N. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>M.E.,<br><br>     Defendant and Appellant. | E086948<br><br>(Super.Ct.Nos. J277532 & J277533 & J277534 & J277535)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Dismissed.

Cristina Gabrielidis, under appointment by the Court of Appeal, for Defendant and Appellant.

Laura Feingold, County Counsel, Helena C. Rho, Deputy County Counsel for Plaintiff and Respondent.

1

In this dependency case, M.E. (Mother), contends plaintiff and respondent San Bernardino County Children and Family Services (CFS), failed to adequately inquire into the possible Indian heritage of Mother's children, Em.N.[1] (a girl, born 12/2007), D.H.N. (a boy, born 1/2009), Ev.N. (a girl, born 8/2010), D.D.N. (a boy, born 10/2011), and J.N. (a boy, born 3/2015; collectively, the children).  (Welf. & Inst. Code, § 224.2, subd. (a).)  CFS asserts that Mother's appeal should be dismissed because Mother failed to file a notice of appeal.  We dismiss.

**FACTS**

Mother mailed a handwritten letter to the juvenile court.  The envelope has two postmarks on it.  One postmark is dated July 8, 2025.  The other postmark is dated September 8, 2025.  The juvenile court stamped the envelope as received on September 19, 2025.  Mother's letter has "Sunday" written in the top right corner, but no specific date.

The letter reads, "To Whom It May Concern [¶] So I sit here writing another letter because I do not have legal representation and seeing as w[h]ere I am I <u>cannot</u> file any paper work [*sic*] or make copies to serv[e] anyone.  I paid $5,000.00.  And it was for nothing.  [T]he attorney never reach[es] out to me and don't answer his calls and didn't show up or would be late to court.  The attorney I hired before didn't tell me he was only a criminal law lawyer but he to[o] took [$]8,000 from me.  So that has been a problem.

---

[1]  Remittitur was issued November 25, 2025, on case No. J277536; Em.N. is not part of this appeal.

"Besides these proble[ms] once again I[']m not surprised seeing as how our kids were taken without cause. I have two things I need to ask the courts. One who is the social worker the only one that actually investigated my case from day one? [¶] Two, why is it Ms. Beverfall is not letting us rec[om]mend any family or friends to foster the boys when it clearly states for us to find some one [*sic*] before a stranger does? [¶] Please some one [*sic*] look into these questions they are a big part of my case. [¶] I feel I am not getting a fair hearing and I will continue to appeal every thing [*sic*]."

The juvenile court filed Mother's letter and on September 22, 2025, sent out a clerk's notification of the filing of a notice of appeal reflecting that the letter constituted a notice of appeal.

## DISCUSSION

CFS contends this court lacks jurisdiction over Mother's appeal because Mother's letter is not a notice of appeal in that it does not indicate from what juvenile court order Mother is appealing.

" '[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction.' " (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 881.) "[A] notice of appeal must be liberally construed. [A] notice is sufficient if it identifies the particular judgment or order being appealed." (Cal Rules of Court, rule 8.100(a)(2).) "[I]f it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced," then the notice of appeal is sufficient. (*In re Joshua S.* (2007) 41 Cal.4th 261, 272.)

3

Mother's letter does not specifically identify an order from which she is appealing. Therefore, we will try to glean that information from context. In her letter, Mother asserts that the children were removed without cause and she asks the juvenile court for the name of the social worker who initially investigated the dependency allegations. Mother's concerns are focused on the juvenile court's jurisdiction orders, which were entered in September 2018, and/or the supplemental jurisdiction orders, which were entered in May 2019. The deadline to appeal the jurisdiction and supplemental jurisdiction orders has long passed. (Cal. Rules of Court, rule 8.406(a)(1) [60 day deadline].) Accordingly, at this point, the jurisdiction orders and supplemental jurisdiction orders cannot be the focus of a notice of appeal.

Also in Mother's letter, she expresses that she would like her sons placed with family or friends, rather than a foster family. When the children were initially removed, Mother's daughters were placed with their maternal grandmother while Mother's sons were placed with their maternal grandfather. In May 2019, all the children lived with their maternal grandfather, Mr. E. By August 2019, all of the children were living in foster homes. All but one of the children continued living in foster homes for the remainder the case. The one child who left foster care resided in a group home and then was released on wraparound services to the custody of his paternal uncle in March 2024. There were no major changes in the children's placements in 2025, such that we can determine a particular order that may have been the focus of Mother's 2025 letter.

The envelope was postmarked on July 8, 2025, and September 8, 2025. Prior to those dates, the children had a post-permanency review hearing on March 17, 2025.

4

July 8, 2025, and September 8, 2025, are more than 60 days past March 17, 2025, which means the letter cannot be a notice of appeal for the March 17, 2025, orders. (Cal. Rules of Court, rule 8.406(a)(1) [60 day deadline to appeal].)

In Mother's appellant's opening brief, she asserts that she is appealing from orders made on September 17, 2025, at another post permanency review hearing. Mother cannot be appealing from the September 17, 2025, orders because her letter was postmarked on July 8, 2025, and September 8, 2025—before the September 17, 2025, orders were made. There is a difference between liberally construing the content of a notice of appeal and constructing a fictional notice. (See generally *County of Sacramento v. Pacific Gas & Elec. Co.* (1987) 193 Cal.App.3d 300, 312 [we cannot "construe 'two percent' to mean 'four percent' "].) Reading the letter as a notice of appeal from a hearing that occurred after the letter was sent would be a fiction.

In Mother's appellant's reply brief, she asserts CFS is not prejudiced by construing Mother's letter as a notice of appeal from the September 17, 2025, orders. Mother asserts, "ICWA[2] inquiry obligations are 'affirmative and continuing.' (§ 224.2, subd. (a).) ICWA-related errors remain reviewable in an appeal from a later appealable order because the juvenile court has a continuing duty to ensure compliance with ICWA throughout the dependency proceedings. [Citation.] Thus, even if the underlying ICWA findings originated earlier in the proceedings, Mother was entitled to

---

**2** "ICWA" refers to the Indian Child Welfare Act of 1978. (25 U.S.C. § 1901 et seq.; *In re Dezi C.* (2024) 16 Cal.5th 1112, 1124.)

5

challenge continuing ICWA compliance in this appeal from the September 17, 2025 post-permanency review orders."

Prejudice is only addressed if we are able to determine from what order Mother is appealing. For example, if we determined that Mother were appealing from an order entered on August 15, 2025, then we would examine whether the Department suffered any prejudice from that determination. (*In re Joshua S.*, *supra*, 41 Cal.4th at p. 272 [" '[N]otices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced' "].)

As explained *ante*, Mother's letter cannot be a notice of appeal from the September 17, 2025, orders because the letter was mailed before September 17, 2025. Because we have been unable to determine from what order, if any, Mother is trying to appeal, which is the first step in the process, we do not reach the second step of determining prejudice.

In sum, it appears Mother wrote a letter to the juvenile court asking for help in her case. There is no order that is the focus of the letter, such that one could construe the letter to be a notice of appeal. It appears that because Mother included the word "appeal" in the letter, the juvenile court mistakenly filed the letter as a notice of appeal. Because the letter is simply a letter, we will dismiss the appeal.[3] (*K.J. v. Los Angeles*

---

[3] On our own motion our order dated September 23, 2025, is MODIFIED as follows: substitute a period for the comma after "September 19, 2025," and strike the words "which we CONSTRUE as a notice of appeal from the orders by the juvenile court entered on September 17, 2025."

*Unified School Dist.*, *supra*, 8 Cal.5th at p. 881 [" '[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction' "].)

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

FIELDS
J.

7